**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )     NO. 1:03-0015 |
| | )     JUDGE HAYNES |
| REAL PROPERTY AND PREMISES | ) |
| KNOWN AS 5985 FLY HOLLOW ROAD, | ) |
| SANTE FE, MAURY COUNTY, TENNESSEE | ) |
| WITH ALL APPURTENANCES AND | ) |
| IMPROVEMENTS THEREON, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| BERNARD H. ELLIS, JR., | ) |
| | ) |
| Claimant. | ) |

## M E M O R A N D U M

The United States filed this action under 21 U.S.C. § 881(a)(7) against the Defendant, Real Property and Premises Known as 5985 Fly Hollow Road, Sante Fe, Maury County, Tennessee with all appurtenance and improvements thereon. The United States seeks forfeiture of this property and its claim is that the Defendant real property facilitated the manufacturing of marijuana by its owner, Bernard H. Ellis, who has filed his claim in this action to protect his interest in this property.

Before the Court is the United States's motion for summary judgment (Docket Entry No. 24). contending that the undisputed facts require forfeiture of this property. The Claimant argues that the United States is not entitled to a judgment as a matter of law because the evidence reflects material factual disputes on the proportionality of any forfeiture.

### A. Review of the Record

On November 12, 2003, Ellis pled guilty to the manufacture of possession with the intent to manufacture in excess of 100 marijuana plants on his farm, the Defendant property. Ellis subsequently filed a motion to withdraw his guilty plea, that this Court denied. The Court sentenced Ellis to four (4) years probation with special conditions; declined to impose a fine, citing his financial obligations to the Government under the parties' plea agreement; and imposed a one-hundred dollar special assessment. On September 23, 2005, Ellis appealed the Order denying his motion to withdraw his plea.

At the guilty plea proceeding, Special Agent Gary Templeton of the Drug Enforcement Administration presented the undisputed statement of facts.

> On August 28, 2002, CW 4 Ron Covington with the Tennessee National Guard was piloting a helicopter in Maury County, Tennessee on a marijuana eradication mission for the Governor's Task Force on Marijuana Eradication.
>
> At approximately 11:15 a.m., CW 4 Covington observed marijuana growing beside a field road off of Old Natchez Trace. Ground terms were directed to multiple patches of marijuana growing in the fence row and behind a brush pile. Ground teams started eradicating patches of marijuana.
>
> CW 4 advised the ground teams that more patches of marijuana had been spotted. A male walking up the filed road approached Special Agent Charles W. Turner, a member of the Task Force. Bernard Ellis identified himself as the owner of the property. Ellis was cooperative and offered to help in any way Ellis could. Ellis returned to his residence on the property.
>
> Special Agent Turner and Detective William Doley, Maury County Sheriff's Department, went to the residence and spoke with Ellis. Ellis signed a consent to search and waiver of right forms and was very cooperative.
>
> During the search of the residence, contraband was found. In the upstairs area of the residence, a storage area was located that appeared to be used to dry marijuana. Marijuana stems and stalks were found on the floor and a rope running the length of the area along the center. At one end of the room, a gun rack was located above a window, containing two rifles, one of which was loaded.

Other items were found, two small marijuana buds and an astray with marijuana roaches. A set of 3 beam scales was found. In the bedroom a loaded 9 millimeter handgun was found on the right side of the bed and bookcase and was accessible from the bed.

On the left side of the bed, in the bookcase, was located two zip-lock bags containing marijuana, an ashtray with marijuana roaches, and other paraphernalia. In the dining room was located a loaded rifle on top of the heater.

In the front room, home office, under the table was a fax machine, was found a garbage bag containing two cardboard trays, each containing marijuana. Under the garbage bag was located a small black duffle bag. Inside the duffle bag was a zip-lock bag containing marijuana seeds, a small package containing marijuana seeds, and a zip-lock bag containing $12,500 in cash. The money was in four bundles each with yellow sticky notes attached to it, with an amount written on it.

Located in difference outbuildings were components for a growth system which included lights and irrigation equipment. In the red Toyota pick-up parked at his residence was found a loaded .22 caliber revolver on the front seat, covered by some clothing. A total of 300 marijuana plants were taken from the farm.

The Court notes that Ellis's plea agreement included the following:

The defendant agrees to the criminal, civil and administrative forfeiture of any and all funds, proceeds or assets that have been acquired in whole or in part from funds received, generated, derived from, or used in furtherance of criminal activity. Such forfeiture shall include $212,500.00 cash to be paid to the government prior to the date of sentencing.

Guilty Plea Transcript at pp. 20-22.

At his sentencing hearing, Ellis described his farm as including approximately 187 acres and that he has owned the property for thirty-six years. Ellis purchased this land with his income or through bank loans. The property's appraised market valued at $379,000. At the time of the government's search of his farm, Ellis asserts that he was attempting to establish a "pick your own berries" business by growing blackberries, blueberries, and raspberries on approximately four (4) acres of his land. According to Ellis, the marijuana growing operation involved one

3

sixteenth of an acre or less. At the hearing on the motion to withdraw his guilty plea, Ellis testified that he could not survive financially without his farm.

Ellis notes that as to the amount of marijuana involved, in the Government's initial report, three root-balls, stalks and stems were weighed for a total 127 pounds and the reported plant count was 537 plants. Later, the plant count was reduced to 300 plants. After this report, Ellis requested the evidence to be reweighed and upon reweighing, the plant weight tolled thirty-seven pounds instead of 127 pounds. Ellis cites the Drug Enforcement Administration report that the marijuana at issue is between seven (7) and eight (8) pounds. (Docket Entry No. 36, Ellis Affidavit at p. 6). Prior to sentencing, the United States filed a report that a total of 400 plants was recovered from Ellis's farm.

### B. Conclusions of Law

A motion for summary judgment is appropriate in a forfeiture action. Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981 et seq., sets forth the burden of proof in civil forfeiture actions. The government's burden of proof, "[i]n a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property[,] is by a preponderance of the evidence, that the property is subject to forfeiture[,] . . . and . . . if

4

the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c). The Sixth Circuit defined "substantial connection" as "a reasonable ground for belief, supported by more than mere suspicion, that there is a substantial connection between the seized [property]" and the allegation activity. United States v. 16510 Ashton, 47 F.3d 1465, 1469 (6th Cir. 1995) (citing United States v. $67,200 in United States Currency, 957 F.2d 280, 298 (6th Cir. 1992)).

Ellis invokes the rule of proportionality under the Eighth Amendment. Under this rule, if the forfeiture of real property is, in effect, a criminal forfeiture, the Excessive Fines Clause of the Eighth Amendment prohibits a grossly disproportionate forfeiture. See U.S. v. Bjakajian, 524 U.S. 321, 334 (1998). "Forfeitures ... are ... "fines" if they constitute punishment for an offense." Id. at 328. A civil in rem drug forfeiture action under 18 U.S.C. § 881(a)(7) involving real property is punitive, in effect, "because forfeiture serves, at least in part, to punish the owner." and if so, the action is also subject to the proportionality Rule. Austin v. United States, 509 U.S. 602, 618 (1993). Thus, this action is subject to the Excessive Fines Clause. Id. at 621-22.

Under the proportionality rule of the Excessive Fines Clause, " the amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." Bajankajian, 524 U.S. at 334. Thus, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." Id.

18 U.S.C. § 983(g) is set forth a number of factors to review on this issue of forfeiture and proportionality:

5

(1) [Any person claiming an interest in the seized property] may petition the court to determine whether the forfeiture was constitutionally excessive;

(2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture;

(3) The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the Court without a jury;

(4) If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eight Amendment of the Constitution.

18 U.S.C. § 983(g)(1) through (4).

The Sixth Circuit reviewed precedents from other Circuits and considered the value of the property and the drugs involved, the culpability of the claimant, the gravity of the offense, the relationship of the property to the offense, the effect of the forfeiture upon the owner and the harm to the community as also relevant factors. U.S. v. 11869 Westshore Drive, 70 F.3d 923, 927-30 (6th Cir. 1995).

Viewing all reasonable inferences in favor of the Defendant, as required on this type of motion, this Court concludes that material factual disputes exist on whether the forfeiture here is criminal, in effect and if so, whether the forfeiture sought is grossly disproportional to the gravity of Ellis's offense.

In the plea agreement, the government agreed to accept as forfeiture $212,5000 from Ellis. The value of Ellis's farm is $379,000. From his proof, Ellis pled guilty to protect his property by agreeing to pay the $212,500 as forfeiture. The plea agreement states, "The forfeiture count will seek the forfeiture of $212,500.00 in cash."[1] The letter also provides: "The

_____

[1]See Plea Agreement Letter, page 1, paragraph 2, attached hereto as Exhibit 9.

6

defendant agrees to the criminal, civil and administrative forfeiture of any and all funds, proceeds or assets that have been acquired in whole or in part from funds received, generated, derived from, or used in furtherance of criminal activity. Such forfeiture shall include $212,500.00 cash to be paid to the government prior to the date of sentencing."[2] Later, Ellis contended that he could not pay this amount and this assertion led to his motion to withdraw his plea.

The forfeiture provisions in Ellis's plea agreement and Ellis's asserted inability to pay that amount suggest that this action, in effect, is a criminal forfeiture and therefore, the proportionality rule under the Eighth Amendment could apply.

Given the agreed amount of forfeiture ($200,000) in the plea agreement and the value of the property, ($379,000) there a material issue on proportionality.

The extent of Ellis's property involvement in growing illegal drugs is undisputed. The amount of marijuana was actually seized is sharply disputed. The amounts of marijuana represents material disputes, given the different amounts in various reports. These factual disputes are critical to the proportionality issue.

For the foregoing reasons, the Court concludes that the United States's motion for summary judgment should be denied.

Ellis also asserts his right to a jury trial to decide those factual disputes here. The Sixth Circuit referred to a claimant's right to a jury trial in a forfeiture action that was decided on other grounds. United States v. Smith, 730 F.2d 1052, 1053 (6th Cir. 1984) ("[W]e reverse the district court's grant of summary judgment in the forfeiture action because a jury trial was warranted."). Two courts have held that property owner is entitled to a jury rial in a civil forfeiture action.

---

[2]See Plea Agreement Letter, page 2, paragraph 12, attached hereto as Exhibit 9.

United States v. One 1976 Mercedes Benz 2805, Serial N0.11602012072/93, 618 F.2d 453, 456-69 (7th Cir. 1980) (reviewing common law jurisprudence and particularly an owner of real property); United States v. 2101, 2280, 2401 & 2501 Maple St., 750 F.Supp. 817, 818-19 (E.D. Mich. 1990) (concluding that real property forfeitures differ from those in admiralty and real property forfeitures are subject to common law right to jury trial under the Seventh Amendment). The Seventh Circuit noted: "the infusion of the earthly common sense of a jury right upon occasion mitigate appropriately the harsh impact sometimes characteristic of in rem procedure." One 1976 Mercedes Benz 280S, 618 F.2d at 469. See also United States v. Premises Known as RR#1, Box 224,Dalton, 14 F.3d 864, 876 (3rd Cir. 1994) (suggesting an advisory jury with the district court deciding the excessiveness issue).

Given the length of time in this action and the parties' proof, a jury trial is set for **Tuesday, March 7, 2006 at 9:00 in Columbia**. For the same reason, there will not be any continuances of this trial date. The parties can always agree upon an amount of an appropriate forfeiture.

An appropriate Order is filed herewith.

**ENTERED** this the ___13th___ day of February, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge

8